IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| GRAHAM NEAL LAND, #02103940 | § | |
| VS. | § | CIVIL ACTION NO. 2:20cv151 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Graham Neal Land, a prisoner confined within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the United States Magistrate Judge Roy S. Payne for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On March 10, 2022, Judge Payne issued a Report, (Dkt. #6), recommending that Petitioner's habeas action be dismissed, without prejudice, for Petitioner's failure to comply with an order of the Court. A copy of this Report was sent to Petitioner's last-known address, with an acknowledgment card. The docket reflects that the Report was returned as "undeliverable," with a notation that Petitioner is no longer housed at the Polunsky Unit, (Dkt. #7). To date, no objections have been filed and Petitioner has not communicated with the Court since 2020.

The Court notes that it is well-settled that a *pro se* litigant has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

Furthermore, on the habeas petition that Petitioner signed, he was specifically warned that the "[f]ailure to notify the court of your change of address could result in the dismissal of your

case," (Dkt. #1, pg. 2). Here, the docket reflects that Petitioner never filed a notice of a change of his address—which is required. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Petitioner's failure to submit an updated address evinces his failure to prosecute his case.

Because objections to Judge Payne's Report have not been filed, Petitioner is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (holding that where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the United States Magistrate Judge, (Dkt. #6), is **ADOPTED** as the opinion of the Court. Further, it is

**ORDERED** that the above-styled habeas action is **DISMISSED**, without prejudice, for Petitioner's failure to comply with an order of the Court and the failure to prosecute his case. Petitioner is further **DENIED** a certificate of appealability *sua sponte*, which refers only to this case and does not prevent refiling. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED and SIGNED** this 8th day of April, 2022.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE